IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE LYONS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv436 |
| CHRISTOPHER NORSWORTHY, ET AL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Dewayne Lyons, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit against Warden Christopher Norsworthy and Assistant Warden Kevin Smith. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion for summary judgment filed by the defendants (doc. no. 16).

Factual Background

Plaintiff alleges the defendants have failed to provide clean and sanitized living facilities. He states he has been exposed to black mold and rust, as well as other toxic substances. Plaintiff asserts the defendants failed to issue cleaning supplies or take steps to make sure drains were not clogged.

The Motion for Summary Judgment

The defendants assert they are entitled to summary judgment because plaintiff did not exhaust his administrative remedies before filing this lawsuit. Defendants state plaintiff did not file

a Step 1 grievance until after the case was filed. They further assert plaintiff did not file a Step 2 grievance concerning his claims.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to guard

against premature truncation of legitimate lawsuits merely because of unskilled presentations. *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. *Rubenstein v. Administrators of the Tulane Educational Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complains internally before initiation of a federal lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2001). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. The United States Court of Appeals for the Fifth Circuit has taken a strict approach to exhaustion. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). "Nothing in the Prison Litigation Reform Act . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing [a] complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

In addition, the Supreme Court has "held that to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules–rules that are defined not by [statute], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required [by statute] to properly exhaust." *Jones v. Brock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citations omitted). But the exhaustion requirement requires "proper exhaustion," meaning that "a prisoner must complete the administrative process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Accordingly, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

The Texas Department of Criminal Justice, Correctional Institutions Division, where plaintiff is confined, has a two-step grievance procedure available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The prisoner must pursue the grievance through both steps of the procedure for his claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Attached to the motion for summary judgment is an affidavit from Jessica Riley, the custodian of records for the inmate grievance department. Ms. Riley states that attached to her affidavit are true and correct copies of the grievances plaintiff filed concerning conditions of confinement and exposure to toxic materials. Plaintiff's Step 1 grievance is dated September 27, 2021, after the date on which this lawsuit was filed. A Step 2 grievance is not attached to the affidavit.

As plaintiff did not file a Step 1 grievance until after this case was filed and did not file a Step 2 grievance, plaintiff did not exhaust his administrative remedies prior to filing his case. Plaintiff has not contradicted the competent summary judgment evidence provided by the defendants. Based on the record there is no genuine dispute of material fact as to whether plaintiff properly exhausted his administrative remedies before filing his lawsuit. The defendants are therefor entitled to judgment as a matter of law on this issue and their motion for summary judgment should be granted.

## Recommendation

The defendants' motion for summary judgment should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 29th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge